IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21035
_____


ADELINE RUDEL CATHEY,

Plaintiff-Appellant,

v.

US INTERNAL REVENUE SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-2287)
_____

October 27, 1999

Before GARWOOD, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Adeline Rudel Cathey ("Cathey") appeals from the district court's determination that 26 U.S.C. § 6334(a)(7) forbids only the levy of funds payable, as opposed to those paid, as worker's compensation. Appellee the United States—apart from defending the decision of the district court—contends that Cathey's lawsuit was untimely filed.

The gravamen of Cathey's complaint is that the IRS

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wrongfully levied funds paid to her as worker's compensation. For essentially the same reasons as the district court, in its order of October 5, 1998, we agree that § 6334(a)(7) does not prohibit a levy of funds already paid—as opposed to payable—as worker's compensation. Accordingly, we pretermit a discussion of the applicability of the two year statute of limitations in 26 U.S.C. § 7433(d)(3) and express no opinion on the district court's determination of the limitations issue.

AFFIRMED